IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE A. SMITH,

                                                          OPINION AND ORDER

                Plaintiff,

                                                          12-cv-384-bbc

    v.

GARY HAMBLIN, MICHAEL MEISNER,
K. LLOYD, MARY LEISNER and JOANNE LANE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In his proposed complaint for compensatory, punitive and injunctive relief, pro se plaintiff Maurice Smith contends that defendants Gary Hamblin, Michael Meisner, K. Lloyd, Mary Leisner and Joanne Lane violated his right of access to the courts by denying him a legal loan and by transferring him to another correctional institution.

Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), so I must screen his complaint to determine whether it states a claim upon which relief may be granted, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude that plaintiff cannot be allowed to proceed at this time, because his complaint does not provide defendants sufficient notice about how their actions hindered his litigation.

For purposes of this screening order, I accept plaintiff's allegations as true. Where necessary for clarity, I have supplemented plaintiff's allegations with facts from the judicial record relating to his other litigation.

1

ALLEGATIONS OF FACT

Plaintiff Maurice Smith was incarcerated at the Columbia Correctional Institution from August 18, 2011, until November 17, 2011, when he was transferred to the Oakhill Correctional Institution.  Since filing this complaint, plaintiff has been released from incarceration.  Notice of Change of Address, dkt. # 6.

Defendant Gary Hamblin is Secretary of the Department of Corrections.  The remaining defendants are employed at the Columbia Correctional Institution.  Defendant Michael Meisner is the warden; defendant K. Lloyd is part of the "business office staff;" and defendants Mary Leisner and Joanne Lane are institution complaint examiners.  Although the complaint lists John Doe defendants in the caption, it contains no allegations about any unidentified individuals.

Before his transfer to the Columbia Correctional Institution, plaintiff had filed (1) an appeal of his criminal conviction and (2) a proposed complaint in this court alleging § 1983 claims, Smith v. Wallace, Case No. 11-cv-646-slc (W.D. Wis.).  In the proposed complaint, he alleged that defendants at his prior correctional institution violated his right of access to the courts by seizing computer disks containing his legal documents.

On August 29, 2011, plaintiff filed a request for a legal loan with the Columbia Correctional Institution.  Two days later, he received a response denying the request because he was receiving institutional wages.  The response also stated that it was plaintiff's responsibility to manage his finances rather than spend all of his money on personal items and he had not demonstrated that his legal correspondence costs exceeded his ability to pay.

2

On September 6, 2011, plaintiff received another response denying his loan application because he had funds in his regular account and reminding him again that he needed to manage his finances.

Around the same time, he filled out another interview request asking for additional time in the law library, but received no response.

On September 16, 2011, plaintiff wrote another interview request. In the request, he claimed that any further denial of his loan "would definitely impede my court access as it related to both my Appeals issues and a Certiorari concern" and that it "would be construed as part of a continued campaign of harassment . . . to discourage prisoner's use of the inmate complaint system." On September 21, 2011, defendant Lloyd sent plaintiff a response, saying "you were not denied access to the inmate complaint system, you were denied a legal loan to access it," and instructing plaintiff to "please review DAI Policy 309.51.01." The cited administrative code section provides, in relevant part,

> Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. . . The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Adm. Code DOC § 309.51(1).

Plaintiff filed another loan application related to his § 1983 claim in this court on

September 30, 2011.  The application was denied on October 5, 2011.  On October 10, 2011, plaintiff received a response from defendant Lloyd stating that he had not followed the prison's policy for requesting a legal loan.  The response included another application. On October 26, 2011, Lloyd approved plaintiff's request for a legal loan.

On October 6, 2011, after the initial denial, plaintiff filed an inmate complaint asserting that his legal loan had been denied and his mail diverted in order to interfere with his access to the courts.  (Plaintiff does not explain what mail he attempted to send or when it was diverted.)  On October 11, defendant Leisner returned plaintiff's inmate complaints, explaining that inmate complaints must contain only one issue.  On October 17, 2011, plaintiff filed four complaints about the denial of his library time, denial of his request for a legal loan, redirection of his mail and engaging generally in a campaign to impede his court access.  Two days later, he received a confirmation of receipt for two of the complaints.  The other two were returned with the explanation that prisoners may not file more than two complaints a week and each complaint may contain only one issue.

Ultimately, defendant Lane dismissed plaintiff's inmate complaints.  (It is unclear from the complaint whether she rejected all of the complaints or only the two that were not returned.)  Plaintiff appealed and defendant Meisner issued a "Reviewer's Decision" upholding one of the dismissals on November 7, 2011, and three decisions upholding the others on November 14, 2011.  Plaintiff filed an appeal of Meisner's first decision on November 10, 2011.  On November 18, 2011, the appeal was rejected under Wis. Adm. Code DOC § 310.13(3), which states that "[t]he CCE shall not review a rejected complaint."

4

Plaintiff "attempted" to file an offender complaint appeal for the remaining dismissed complaints, but was transferred to the Oakhill Correctional Institution on November 17, 2011.

Once at Oakhill, plaintiff attempted to obtain a "legal loan for postage and . . . copies of documents supporting [his] contention." Because of the transfer, plaintiff was unable to mail the three remaining appeals until February, which was late. On February 13, 2011, he received a receipt of his appeal. Plaintiff does not explain whether these appeals were rejected and if so, whether they were rejected as untimely or rejected under Wis. Adm. Code DOC § 310.13(3) because they were appeals of dismissals.

## OPINION

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff's complaint contains insufficient allegations about the injury he suffered to determine whether he has stated a claim for a denial of his right of access to the courts.

Prisoners have a constitutional right to "meaningful access to the courts" to pursue post conviction remedies and to challenge the conditions of their confinement. Bounds v. Smith, 430 U.S. 817, 821-22 (1977); Lehn v. Holmes, 364 F.3d 862, 865-66 (7th Cir.

5

2004). A prisoner seeking to bring a claim for denial of the right of access to the courts must establish that he suffered an "actual injury" from defendants' actions. Lewis v. Casey, 518 U.S. 343, 350-54 (1996). This "injury requirement is not satisfied by just any type of frustrated legal claim," because the right of access to courts requires prisons to provide inmates only with the materials required "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355; Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (plaintiff must plead injury to ability to challenge conviction or conditions of confinement).

The injury can be forward-looking, if the defendants' actions are preventing the plaintiff from litigating a present or future lawsuit, or backward-looking, if the defendants' actions caused the plaintiff to lose a lawsuit or a chance to sue. Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). For a forward-looking claim, the plaintiff must allege that a "systemic official action frustrates [the] plaintiff or plaintiff class in preparing and filing suits at the present time." Id. For a backward-looking claim, the plaintiff must show that the defendants caused him to lose a meritorious claim, a chance to sue on a meritorious claim or a chance to seek some particular order of relief. Id. at 414. A plaintiff must (1) describe an underlying non-frivolous claim and (2) explain how his ability to file or litigate the claim was or will be lost or impeded. Id. at 415-16. See also Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998) ("[I]f the denial [of access to courts] has had no effect on the legal relief sought by the plaintiff, no right has been violated.").

Plaintiff's proposed complaint contains only backward-looking claims. Although

6

plaintiff is seeking injunctive relief to require the defendants to provide him with adequate access to the courts, plaintiff is no longer an inmate, so such injunctive relief would be of no benefit to him. Accordingly, plaintiff's forward-looking claim for injunctive relief must be dismissed as moot. Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011).

I must also dismiss plaintiff's backward-looking claim under Rule 8 because his allegations do not identify how defendants' actions impaired his ability to challenge his sentence or conditions of confinement. The core of plaintiff's complaint is that defendants interfered with his right of access to the courts by (1) denying his application for a legal loan that he needed for postage and copies; (2) redirecting his mail; and (3) denying his request for additional time in the law library. He does not explain what he needed to mail; what documents he needed to copy; what mail was redirected; or what research he needed to perform. Furthermore, although the court is aware of plaintiff's pending cases, plaintiff does not explain how his inability to mail, obtain copies or undertake research affected his ability to litigate those cases or what meritorious legal claims he lost as a result.

Plaintiff also alleges that his transfer to the Oakhill Correctional Institution "was an attempt to continue to interfere with my court access." Around the time of his transfer, plaintiff was attempting to appeal the dismissal of his inmate complaints about the legal loan, mailing and library access, and the transfer caused him to file the internal appeals late. Plaintiff's allegations about his transfer fail to state a claim for the same reason as his more direct claim: they do not identify a relevant injury. Notably, plaintiff does not allege that the complaints were denied because they were untimely. Even if he had, the effect was that

7

plaintiff did not exhaust his claim for a violation of his right of access to the courts, not that he lost a claim or remedy relating to his sentence or confinement.

Even interpreted liberally, the allegations in plaintiff's proposed complaint fail to show that plaintiff is entitled to relief for a denial of access to the courts. His complaint will be dismissed without prejudice under Rule 8. Plaintiff may have three weeks in which to file an amended complaint addressing these deficiencies. If plaintiff chooses to file an amended complaint, plaintiff should include allegations that (1) identify what legal claim or remedy he lost as a result of defendants' conduct; (2) identify what documents he was unable to send or copy without a legal loan, what mail was "redirected," or what he needed to research; and (3) explain how his inability to make copies, send mail or perform research caused him to lose that legal claim or remedy. If plaintiff does not file an amended complaint by October 9, 2012, I will dismiss this case with prejudice.

ORDER

IT IS ORDERED that plaintiff Maurice A. Smith is DENIED leave to proceed in forma pauperis and his complaint is DISMISSED without prejudice for failure to plead facts sufficient to provide notice of his claim under Fed. R. Civ. P. 8. Plaintiff will have until October 9, 2012, to submit an amended complaint further detailing his claims as described in the opinion above; if plaintiff does not file a complaint by that time, the case will be

dismissed with prejudice and the clerk of court will be directed to close the case.

Entered this 18th day of September, 2012.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge